IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: Janet Tarihi ) | Case No. |
| ) | |
| Plaintiff ) | COMPLAINT |
| ) | |
| ) | **Judge:** |
| ) | |
| ) | **Magistrate:** |
| v. ) | July Demand Requested |
| ) | |
| American Profit Recovery ) | |
| 34505 W. 12 Mile, Suite 333 ) | |
| Farmington Hills, MI 48331 ) | |
| ) | |
| Defendant ) | |

Now comes Plaintiff, by and through her attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Janet Tarihi, brings this action to secure redress from unlawful collection practices engaged in by Defendant, American Profit Recovery. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e.

3. A debt collection may not imply outcomes that are not legally able to come to pass. *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012)

4. The Seventh Circuit has stated that "[w]hen language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (citing *Gonzales*

v. *Arrow Financial Services,LLC,* 660 F.3d 1055, 1063 (9th Cir. 2011)).

5. Contested statements are only "truisms" if these outcomes could only come to pass. See *Lox.* 689 F.3d 818

6. In *Wilder vs. J.C. Christensen & Associates, Inc.* (Case No. 16-cv-1979) (N.D.IL 2016), the Court stated "literally true conditional language in a dunning letter can be deceptive if the action suggested is legally prohibited." *Id.*

7. The Sixth Circuit Court of Appeals stated "[I]f Plaintiff can show that interest or charges could never accrue and therefore the balance owed is truly fixed, then his claim should be allowed to go forward to determine if, under those circumstances, Defendants' letter was threatening or materially misleading." *Walker vs. Shermeta, Adams, Von Allment*, PC 623 F. App'x 764, 768 (6th Cir. 2015).

## JURISDICTION AND VENUE

8. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

9. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## STANDING AND INJURY

7. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

## PARTIES

8. Plaintiff, Janet Tarihi (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

9. Plaintiff is a resident of the State of Illinois.

10. Defendant, American Profit Recovery ("Defendant"), is a Michigan

business entity with an address of 34505 W. 12 Mile Road, Suite 333, Farmington Hills, MI 48331 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

11. Unless otherwise stated herein, the term "Defendant" shall refer to American Profit Recovery.

12. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS

13. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $56.00 (the "Debt") to an original creditor (the "Creditor")

14. At the time of the dunning letter attached to this Complaint, the "Current Balance" is $61.19.

15. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.

16. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).

17. On February 15, 2017, Defendant mailed Plaintiff a collection letter. See Exhibit.

18. Said letter was not an initial dunning letter subject to 15 U.S.C. Section 1692g.

19. Said letter states "[A]s of the date of this letter, you owe $61.19. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, and adjustment may be necessary after we receive your check. In which event we will inform you before depositing the check for collection."

20. Plaintiff and the original creditor did not enter into a written contract.
21. While Illinois law indeed allows for a debt collector to charge up to five percent interest, nothing in Illinois allows for "late fees" or "other charges" where there is no prior agreement for such fees.
22. There is absolutely no legal possibility that the statement in paragraph 19 can come to pass.
23. It is a violation of 15 U.S.C. Section 1692e to imply an outcome that can not legally come to pass.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
25. The Defendants' conduct violated 15 U.S.C. Section 1692e in that the Defendant materially misled Plaintiff through this communication.
26. Plaintiff is entitled to damages as a result of Defendants' violations.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

28. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff